FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR 11  AM 9: 30

LORETTA G. WHYTE
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

CHARLES SCHWARTZ, JR., et al., §
§
Plaintiffs, §
§ Civil Action No.
§ 2:05-CV-6885-SAF-JK
VS. § Section: N
§
CHUBB & SONS, INC., et al., §
§
Defendants. §

MEMORANDUM OPINION
AND ORDER

In this diversity action removed from Louisiana state court, plaintiffs' motion to remand based on lack of diversity presents the question whether defendants have carried their heavy burden of establishing that the Louisiana defendant was improperly joined. Concluding that they have not, the court grants the motion and remands the case to state court.

I

Plaintiffs Charles Schwartz, Jr. ("Judge Schwartz") and Priscilla M. Schwartz ("Schwartz"), who are father and daughter, filed this lawsuit in Louisiana state court, seeking to recover under a homeowners insurance policy for Hurricane Katrina-related damages.[1] They named as defendants Chubb & Sons, Inc., Great

---

[1] Judge Schwartz has also filed a related case in state court against the same defendants, essentially asserting the same causes of action. See *Schwartz v. Chubb & Sons, Inc.*, No. 2:05-CV-6886-SAF-JK (E.D. La.). Chubb removed that case to this court. The only apparent differences between the cases are that they relate to separate insured properties located in Metairie, Louisiana and, in the instant case, Judge Schwartz and Schwartz are the plaintiffs and in the other case Judge Schwartz is the sole plaintiff and

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

Northern Insurance Company, Chubb Group of Insurance Companies, Chubb Custom Insurance Company, Chubb National Insurance Company, Chubb Indemnity Insurance Company, Federal Insurance Company (collectively, "Chubb"),[2] and Eagan Insurance Agency, Inc. ("Eagan"). Plaintiffs allege in their state court petition that they and Eagan are all Louisiana citizens. Chubb is not a Louisiana citizen and is diverse from plaintiffs.

Chubb removed this case based on diversity jurisdiction, contending that the court can disregard Eagan's citizenship because it has been improperly joined.[3] Plaintiffs moved to remand based on the absence of complete diversity. Chubb filed a motion to

---

alleged policyholder. The parties have filed virtually identical motions in both cases. Based on this memorandum opinion and order, the court is today remanding the other case to state court.

[2]Chubb maintains that the proper Chubb defendants are Chubb and Son, Inc., Great Northern Insurance Company, Chubb Custom Insurance Company, Chubb National Insurance Company, Chubb Indemnity Insurance Company, and Federal Insurance Company. See Ds. Feb. 13, 2006 Br. 1; see also id. at 4 n.3. For purposes of this decision, this dispute is immaterial. The citizenship of defendant Eagan Insurance Agency, Inc. ("Eagan") controls the jurisdiction question, and there is no assertion that Eagan has been sued under the wrong name.

[3]At the time the case was removed, plaintiffs had not effected service on Eagan, and they apparently have not yet done so. In their March 7, 2006 memorandum in support of their motion for leave to file an affidavit, plaintiffs aver that they attempted to effect service before the case was removed, but could not because Eagan's building was empty. They also assert that they have not attempted to effect service since removal because they "view service to Eagan while this matter is in federal court as an impossibility," reasoning that it would destroy the court's diversity jurisdiction, and that they "fully intend to serve Eagan once this matter returns to state court." Ps. Mar. 7, 2006 Br. 2.

dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for a more definite statement under Rule 12(e).[4] The court is deciding the remand motion on the briefs, without oral argument.[5]

II

It is settled that diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and all defendants. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). This means that no plaintiff can be a citizen of the same state as even one defendant. If a defendant has been improperly joined, however, the citizenship of that party is disregarded for purposes of determining diversity. *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied*, ___ U.S. ___, 125 S. Ct. 1825 (2005).[6]

---

[4]Because the court is remanding this case, it does not reach the motion to dismiss or for more definite statement.

[5]The undersigned, who is sitting by designation due to the recusal of Judge Schwartz's colleagues in the Eastern District of Louisiana, by January 24, 2006 order modified the application of E.D. La. Civ. R. 78.1 and 78.2 and provided that "The court will not consider [the pending] motions on a specific motion day, and it will not conduct an oral hearing on these motions unless it determines, after the briefing is concluded, that oral argument is necessary." The court has decided that oral argument is not necessary.

[6]Additionally, 28 U.S.C. § 1441(b) prohibits removal in a diversity action where a defendant is a citizen of the state in which the action is brought. Section 1441(b) provides:

> Any civil action of which the district courts
> have original jurisdiction founded on a claim

"When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper." *Id.* at 576. Improper joinder is established by showing that there was either actual fraud in the pleading of jurisdictional facts or that the plaintiffs are unable to establish a cause of action against the non-diverse defendant in state court. *Id.* at 573 (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

Under the second alternative—the one at issue in this case—the test for improper joinder "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* There are two "proper means for predicting whether a plaintiff has a reasonable basis of recovery under state law." *Id.*

---

> or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*

(Emphasis added).

- 4 -

> The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.

*Id.* (footnote omitted). In cases where "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* The decision to conduct such an inquiry rests within the discretion of the trial court and "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573-74. "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Id.* at 574.

### III

Chubb maintains that plaintiffs have improperly joined Eagan—the only non-diverse defendant—because there is no possibility that they can prevail against it. It contends that the only claim that plaintiffs have alleged against Eagan is for professional negligence in failing to inform them properly of any and all coverages. Chubb posits that any such claim that plaintiffs may have against Eagan is untenable because the peremptive period for claims against insurance agents has expired.

- 5 -

La. Rev. Stat. § 9:5606(A) provides that in an action for damages against an insurance agent, the peremptive period is "one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered," but the action must "be filed at the latest within three years from the date of the alleged act, omission, or neglect." La. Rev. Stat. Ann. § 9:5606(A) (2006).[7] The statute also provides that the "one-year and three-year periods of limitation . . . are peremptive periods . . . and . . . may not be renounced, interrupted, or suspended." Id. § 9:5606(D).[8] Chubb asserts that § 9:5606 applies to Eagan because

---

[7] Section 9:5606(A):

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

[8] Louisiana law distinguishes between peremptive and prescriptive periods:

> A peremptive period is a period of time fixed by law for the existence of a right, and the right is extinguished unless timely exercised within the period. On the other

it is an insurance agency. It maintains that the one-year/three-year peremptive period began when plaintiffs purchased their initial homeowners insurance policies in 1991 and 1994 and that, absent fraud, the allegations of their petition are preempted on their face.

The court will begin by conducting a Rule 12(b)(6)-type analysis. Ordinarily, if plaintiffs can withstand such a challenge, the court cannot say that they have improperly joined Eagan. In deciding a Rule 12(b)(6) motion, the court construes the complaint in the light most favorable to plaintiffs, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in their favor. *See, e.g., Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). Were the court deciding a Rule 12(b)(6) motion, it would not dismiss plaintiffs' claims against Eagan "unless the plaintiff[s] would not be entitled to relief under any set of facts or any possible theory that [they] could

---

> hand, liberative prescription is a mode of barring actions to enforce a legal right as a result of inaction for a period of time. The right is not extinguished when the prescriptive period expires without the filing of an action; enforcement of the right is merely barred unless the obligee fails to object or unless prescription was interrupted or suspended. Peremption, by contrast, may not be interrupted or suspended.

*In re Whitaker Constr. Co.*, 439 F.3d 212, 217 n.4 (5th Cir. 2006) (internal citations omitted) (quoting *Metro. Erection Co. v. Landis Constr. Co.*, 627 So. 2d 144, 147 (La. 1993)).

prove consistent with the allegations in the complaint." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (addressing Rule 12(c) standard) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)).

Plaintiffs allege in their state court petition that defendants sold them a homeowners policy that specifically provided coverage for hurricanes and that Eagan "committed professional negligence by failing to properly inform [them] of the available insurance coverages for purchase covering losses to their property." Pet. § XXI. But the petition does not specify when any such omission occurred. Because it does not, the court cannot conclude from the face of the petition that the peremptive period has run on plaintiffs' claims against Eagan and that plaintiffs can prove no set of facts entitling them to relief.[9] This case can therefore be considered one in which the petition "has . . . omitted discrete facts that would determine the propriety of joinder" and thus the "court may, in its discretion, pierce the

---

[9] Although the court recognizes the Louisiana-law distinction between peremption and prescription, the court notes that in the analogous context of limitations that "[i]t is well settled . . . that in order for a defendant to prevail on the basis of limitations at the pleadings stage, the plaintiff must normally plead himself out of court." *Funches v. City of Dallas*, 1999 WL 261842, at *2 (N.D. Tex. Apr. 28, 1999) (Fitzwater, J.) (citing *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995) (holding that "if a plaintiff pleads facts that show its suit barred by a statute of limitations, it may plead itself out of court under a Rule 12(b)(6) analysis")). Plaintiffs have not pleaded themselves out of court as to their action against Eagan based on peremption.

- 8 -

pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573.

In its opposition to plaintiffs' motion to remand, Chubb avers that the homeowners policy was purchased in 1991 or 1994. But this unsworn evidence is not competent in a summary-type proceeding. Cf. *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991) (addressing summary judgment motions) ("Unsworn pleadings, memoranda, or the like are not, of course, competent summary judgment evidence."). Chubb has filed a March 3, 2006 motion for leave to file the affidavit of Marc F. Eagan, Eagan's President, in which he avers that Eagan has not had any discussions with plaintiffs regarding any new available types of insurance coverages since at least 2000. Plaintiffs have filed a March 7, 2006 motion for leave to file the affidavit of Schwartz, in which she avers that, on receiving written notice that her father's flood policy was expiring, she contacted Eagan in April 2005 to inquire whether any additional coverage was available, because the monetary limits were significantly less than the property value. She states that Eagan advised her there were no additional limits or coverages available. Even if the court were to consider these competing affidavits, they would merely demonstrate the existence of a fact issue regarding whether Eagan's alleged act, omission, or neglect occurred within the one-year/three-year peremptive period.

The purpose of the court's summary inquiry, in which it pierces the pleadings, is "only to identify the presence of discrete and *undisputed* facts that would preclude [plaintiffs'] recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74 (emphasis added).[10] The date of Eagan's alleged act, omission, or neglect is disputed, and the court must resolve contested issues of fact in plaintiffs' favor. *See Travis*, 326 F.3d at 649. Even after piercing the pleadings, the court would be unable to conclude that plaintiffs could prove no set of facts consistent with the allegations in their state court petition that would entitle them to relief. Chubb has therefore failed to carry its heavy burden of proving that Eagan was improperly joined.

IV

Chubb also contends that Eagan's citizenship should be disregarded for diversity purposes because plaintiffs' claims against it are completely unrelated to the ones against Chubb. It posits that plaintiffs' claims against Chubb and Eagan do not arise out of the same transaction, occurrence, or series of transactions or occurrences and do not involve a common question of law or fact. Chubb essentially asserts improper joinder of parties under Rule 20(a).

---

[10] Accordingly, the court in its discretion denies the motions for leave to file affidavits.

Chubb relies on *Tapscott v. MS Dealer Service Corp.*, an Eleventh Circuit case, which held that improper joinder of parties under Rule 20 may be a basis for fraudulent joinder[11] if it is particularly egregious. *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996) ("We do not hold that mere misjoinder is fraudulent joinder, but we do agree . . . that Appellants' attempt to join these parties is so egregious as to constitute fraudulent joinder."), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Chubb maintains "that the Fifth Circuit [has] adopted the decision in *Tapscott* and applied its fraudulent misjoinder analysis." Ds. Feb. 13, 2006 Br. 14 (quoting *Polk v. Lifescan, Inc.*, 2003 WL 22938056, at *5 (N.D. Miss. Sept. 22, 2003)). Plaintiffs posit that *Tapscott* predates and is contrary to the Fifth Circuit's *en banc* decision in *Smallwood*.

Chubb's contention that the Fifth Circuit has adopted *Tapscott*'s fraudulent misjoinder analysis may have some merit. The panel in *In re Benjamin Moore & Co.*, 309 F.3d 296 (5th Cir. 2002) (per curiam) ("*Benjamin Moore I*"), denied a petition for a writ of mandamus. But in doing so it cited *Tapscott* with apparent approval, stating "it might be concluded that misjoinder of

---

[11]In *Smallwood* the Fifth Circuit replaced the term "fraudulent joinder" with "improper joinder," "[a]lthough there is no substantive difference between the two terms." *See Smallwood*, 385 F.3d at 571 n.1.

plaintiffs should not be allowed to defeat diversity jurisdiction." *Id.* at 298 (citing *Tapscott*, 77 F.3d at 1360). And in *In re Benjamin Moore & Co.*, 318 F.3d 626 (5th Cir. 2002) ("*Benjamin Moore II*"), the panel addressed another petition for a writ of mandamus, holding that it did not have jurisdiction to review the district court's decision regarding misjoinder, but doing so "without detracting from the force of the *Tapscott* principle that fraudulent misjoinder of plaintiffs is no more permissible than fraudulent misjoinder of defendants to circumvent diversity jurisdiction." *Id.* at 630-31. At least one district court prior to *Smallwood* had held "that the Fifth Circuit [has] adopted the decision in *Tapscott* and applied its fraudulent misjoinder analysis." *Polk*, 2003 WL 22938056, at *5.

Plaintiffs' contention that *Tapscott* is inconsistent with *Smallwood* also appears, however, to have merit. The Eleventh Circuit has identified the circumstances in *Tapscott*—"i.e., where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant"—as a "third situation of fraudulent joinder" in addition to the two types of fraudulent joinder identified in *Smallwood*. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Because *Smallwood* (an *en banc* decision that postdates *Benjamin Moore II*) identifies only

the first two types of fraudulent joinder—i.e., actual fraud in the pleading of jurisdictional facts and inability of the plaintiffs to establish a cause of action against the non-diverse defendant in state court—*Tapscott*-type fraudulent misjoinder may not be recognized in the Fifth Circuit.

The court need not resolve this issue, however, because even if there was Rule 20-type improper joinder in this case, it is not sufficient to constitute fraudulent joinder under *Tapscott* or improper joinder under this circuit's precedents. Plaintiffs allege that defendants should have paid all the damages they sought in their proof of loss for damages from Hurricane Katrina and that Eagan was professionally negligent by failing to inform them properly of the available insurance coverages that could be purchased to cover losses to their property.

Moreover, the relevant question is not whether plaintiffs properly joined Eagan and Chubb under Rule 20(a) but whether they were properly joined under Louisiana law. If Chubb has a basis under Louisiana law to establish that it has been improperly joined with Eagan, Chubb can seek a severance in state court after the case has been remanded. If the severance is granted,[12] and assuming that removal is still timely, Chubb can then remove the case on the

---

[12]*See, e.g., Warren v. Bergeron*, 599 So.2d 369, 373 (La. Ct. App.) ("[I]t is within the trial court's discretion to decide whether severance should occur."), *writ denied*, 604 So.2d 995 (La. 1992).

ground that it was not initially removable but became removable. *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006).[13]

V

Plaintiffs also move under 28 U.S.C. § 1447(c) for an award of attorney's fees. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, ___ U.S. ___, 126 S.Ct. 704, 711 (2005) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004)); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)). Because the removal in this case was not objectively unreasonable, the court denies the motion.

*   *   *

Because Chubb has not carried its heavy burden of demonstrating that plaintiffs' joinder of Eagan was improper, the court concludes that it lacks subject matter jurisdiction and, pursuant to 28 U.S.C. § 1447(c), remands this case to the 24th Judicial District Court for the Parish of Jefferson, Louisiana.

---

[13]This court expresses no view, of course, regarding whether under Louisiana law Eagan was properly joined with the other defendants. That is a question to be resolved, if necessary, by the Louisiana state court.

The clerk of court shall effect the remand in accordance with the usual procedure.

**SO ORDERED.**

April 11, 2006.

                                      _____
                                      SIDNEY A. FITZWATER
                                      UNITED STATES DISTRICT JUDGE